14 CV                    4296

JUDGE COTE

Kim E. Richman
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiff*

RECEIVED
JUN 13 2014
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

OSCAR LIRIANO,

                Plaintiff,

       -against-

THE CITY OF NEW YORK, P.O. ANTHONY
SCHAFFER (Shield # 006513) , P.O. JERRY
WOLVERS (Tax I.D. # 9436966), and P.O.s JOHN
AND JANE DOE #1-20, Individually and in their
Official Capacities (the names "John and Jane Doe"
being fictitious, as the true names are presently
unknown),

                Defendants.

-----------------------------------------------------------X

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

      Plaintiff Oscar Liriano, by his attorney, Kim E. Richman, complaining of the above-referenced defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff Oscar Liriano ("Plaintiff") brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988 for the wrongful acts of defendants THE CITY OF NEW YORK ("CITY"), POLICE OFFICER ANTHONY SCHAFFER (Shield # 006513), POLICE OFFICER JERRY

WOLVERS (Tax I.D. # 943966) and POLICE OFFICERS JOHN AND JANE DOE #1-20 (collectively "Defendants"), all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the United States and the State of New York.

## JURISDICTION

2.      This action seeks redress for violation of Plaintiff's constitutional and civil rights, pursuant to, *inter alia*, 42 U.S.C. §§ 1983, 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitution and laws of the State of New York. Plaintiff invokes this Court's jurisdiction pursuant to these constitutional and statutory provisions and pursuant to 28 U.S.C. §§ 1331, 1343.

3.      Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims that derive from the same nucleus of operative facts that gives rise to the federal claims, pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5.      Plaintiff demands a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      At all times relevant hereto, Plaintiff Oscar Liriano was a resident of Bronx County, located in the Southern District of New York.

7.     Defendant THE CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York; Defendant CITY operates, manages, directs, and controls the New York City Police Department ("NYPD"), which employs Defendant P.O.s JOHN AND JANE DOE #1-20.

8.     At all times relevant to this action, Defendant P.O.s JOHN AND JANE DOE #1-20 were police officers employed by the NYPD and acting under color of state law.

9.     Defendant P.O.s JOHN AND JANE DOE #1-20 participated directly in and/or failed to intervene in the violations of Plaintiff's constitutional rights committed by the other individual Defendants.

10.    Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, captains and employees of the NYPD.

11.    At all times relevant hereto and in all their actions described herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its NYPD, pursuant to their authority as employees, servants and agents of the Defendant CITY, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and officers.

## FACTS

### INCIDENT #1

12.    At all times relevant hereto, Plaintiff Oscar Liriano resided at Grand Avenue, in Bronx County, New York.

3

13.    Plaintiff is learning-disabled and was at the time of this incident a high school student in a program for students with disabilities.

14.    On or about April 25, 2012, at approximately 12:00 a.m., Plaintiff Oscar Liriano was lawfully present outside of the apartment building at 2290 Davidson Avenue, in the Bronx.

15.    At that time, Plaintiff was visiting his cousin, Ramon Ferrera, who lived at that address with his girlfriend, Crystal Corzo.

16.    As Plaintiff entered the building to go to his cousin's apartment, an unidentified man whom Plaintiff did not know entered the building behind Plaintiff, and began following Plaintiff up the stairs.

17.    At that time, Ms. Corzo was walking down the same stairs, and the unidentified man asked her if he could buy marijuana from her.

18.    Plaintiff proceeded upstairs and entered his cousin's apartment unit.

19.    Ms. Corzo was alleged to have sold some quantity of marijuana to the unidentified man, who was an undercover NYPD officer.

20.    Shortly thereafter, approximately six (6) NYPD officers entered the cousin's apartment unit, threw Plaintiff on the ground, and arrested him, without any probable cause whatsoever. Ms. Corzo and Mr. Ferrera were also arrested at this time.

21.    Even though Plaintiff was already handcuffed and not in any way resisting arrest, Defendant P.O. JOHN DOE #1 gratuitously and violently kicked Plaintiff in the face, giving him a bloody nose.

22.    Defendant NYPD officers searched Plaintiff and found no contraband of any kind, but confiscated his phone, which was never returned to him.

23.     Plaintiff was led downstairs and put into an unmarked NYPD van, along with Ms. Corzo and Mr. Ferrera.

24.     Defendant NYPD officers drove the van around town for approximately four (4) hours, with Plaintiff inside, arresting other people, who were then also put into the van.

25.     At approximately 5:00 p.m., Plaintiff arrived at the 47th NYPD Precinct.

26.     At the precinct, Defendant P.O. JOHN DOE #2, who was among the officers who arrested Plaintiff at the apartment, subjected Plaintiff to a second, invasive and unjustified strip-search, in which Plaintiff's rectal area was searched, without any resonable, articulable suspicion that Plaintiff was secreting evidence within a body cavity.

27.     Again, this search yielded no contraband.

28.     After being detained in a cell for approximately one (1) hour, Defendant NYPD officers again handcuffed Plaintiff and transported him to the Bronx Central Booking facility.

29.     At Central Booking, Plaintiff ultimately saw a paramedic and was given an ice pack for his bloody nose.

30.     Defendant NYPD officers, including Defendant P.O. Anthony Schaffer, falsely charged Plaintiff with possession and sale of marijuana, under docket number 2012BX024601.

31.     Plaintiff was released from custody in the early evening on April 25, 2012 after being detained for approximately eighteen (18) hours.

32.     Over the course of the next year, Plaintiff had to return to court approximately five (5) times in this matter.

33.     On April 29, 2013, all charges related to this incident were dismissed in favor of Plaintiff.

34.     During the time he was unjustly kept in custody and deprived of his liberty by Defendant NYPD officers, Plaintiff endured emotional distress, due to being falsely accused for these alleged crimes.

35.     Plaintiff endured psychological trauma as a result of the humiliating and invasive strip-search conducted by Defendant P.O. JOHN DOE #2.

36.     Plaintiff continues to experience pyschological trauma when he is in public, as he fears that he will again be falsely accused of a crime and unjustly arrested, which was indeed the case as further detailed below. He therefore is discouraged from going outside and appearing in public since these two (2) incidents.

**INCIDENT #2**

37.     At all times relevant hereto, Plaintiff Oscar Liriano resided at Grand Avenue, in Bronx County, New York.

38.     On or about June 13, 2012, at approximately 5:00 p.m., Plaintiff was walking home from a nearby deli after having purchased food there.

39.     When Plaintiff was walking at approximately 2290 Davidson Avenue, several unmarked NYPD cars arrived and stopped in the street there.

40.     Defendant P.O.s JOHN DOE #1 and #2 exited one of the cars and approached Plaintiff.

41.     Defendant P.O.s JOHN DOE #1 and #2 grabbed Plaintiff and pushed him up against the side of the building at 2290 Davidson Avenue, and arrested him without any probable cause whatsoever, cuffing his hands behind his back.

42.     Plaintiff's mother and sister witnessed the arrest and asked Defendant NYPD officers why they were arresting Plaintiff, but received no reply from them.

43.     Defendant NYPD officers searched Plaintiff and found no contraband of any kind.

44.     Thirty dollars ($30.00) was confiscated from Plaintiff during the search and never returned to him.

45.     Plaintiff was placed into an unmarked NYPD van.

46.     Defendant NYPD officers drove the van around town for approximately four (4) hours, with Plaintiff inside, arresting other people, who were then also put into the van.

47.     At approximately 9:30 p.m., Plaintiff arrived at the NYPD 46th Precinct.

48.     Plaintiff was searched again at the precinct, and again no contraband was found.

49.     Defendant NYPD officers put Plaintiff into a cell for approximately (1) one hour, before transferring him to Bronx Central Booking.

50.     Defendant NYPD officers, including Defendant P.O. Jerry Wolvers, falsely charged Plaintiff with possession and sale of crack cocaine, under docket number 2012BX034773.

51.    Plaintiff was at Central Booking overnight, and the entire next day, before being released on June 15, 2012 after being detained for thirty-six (36) to forty-eight (48) hours.

52.    Over the course of the next year, Plaintiff had to return to court approximately four (4) times in this matter.

53.    On April 29, 2013, all charges related to this incident were dismissed in favor of Plaintiff.

54.    During the time he was unjustly kept in custody and deprived of his liberty by Defendant NYPD officers, Plaintiff endured emotional distress, due to being falsely accused for these alleged crimes.

55.    Plaintiff continues to experience pyschological trauma when he is in public, as he fears that he will again be falsely accused of a crime and unjustly arrested. He therefore is discouraged from going outside and appearing in public since these two (2) incidents.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

56.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

57.    All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

58.    All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by, *inter alia*, the Fourth,

Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

59.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

60.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, and other agencies all under the supervision of ranking officers of said departments.

61.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority that is forbidden by the Constitution of the United States.

62.    By these actions, Defendants have deprived Plaintiff of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

63.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

64.    By the actions described herein, Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

65.    Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

66.    As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

67.    Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

68.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

69.    As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

70.    As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

71.    As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of his community.

## THIRD CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

72.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth

herein.

73.    Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

74.    Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

75.    Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the stop and frisk and arrest numbers of the NYPD, among other collateral objectives.  This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

76.    The criminal charges against Plaintiff were terminated in his favor.

77.    As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including deprivation of liberty following his arrest.

### FOURTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

78.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

79.    Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed

and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

80.     The criminal charges against Plaintiff were terminated in his favor.

81.     Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

82.     Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable.

83.     As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

## FIFTH CLAIM FOR RELIEF:
## ILLEGAL STOP AND FRISK UNDER 42 U.S.C. § 1983

84.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

85.     As a result of Defendants' aforementioned conduct during the second incident, Plaintiff was subject to an illegal and improper stop and frisk by Defendants without any reasonable suspicion of criminality or other constitutionally required grounds. Moreover this stop, frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

86.    As a direct and proximate result of such acts, Defendants deprived Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

87.    As a direct and proximate result of those constitutional abuses, Plaintiff suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

88.    The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

### SIXTH CLAIM FOR RELIEF:
### EQUAL PROTECTION UNDER 42 U.S.C. § 1983

89.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

90.    Defendants unlawfully singled out Plaintiff and violated his First, Fourth, Fifth, and Fourteenth Amendments, in part because of his race, age and gender.

91.    Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

92.    As a result of Defendants' unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress.  Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

### SEVENTH CLAIM FOR RELIEF:
### FAILURE TO INTERVENE

13

93.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

94.    Those defendants that were present during the time when Plaintiff's constitutional rights were violated, but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

95.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments.

96.    As a direct and proximate result of this unlawful conduct, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

## EIGHTH CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

97.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

98.    The degree of force Defendants used against Plaintiff during the first incident was excessive, unreasonable, unwarranted, and without justification.

99.    Defendants' actions described herein were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable, and unprovoked.

100.    As a result of Defendants' excessive force and brutality, Plaintiff has, *inter alia*, endured substantial pain to his nose and face.

101.    All of the aforementioned acts of Defendants constituted excessive force in violation of the Constitution of the United States actionable under 42 U.S.C. § 1983, and in violation of the laws of the State of New York, for which Defendants are individually liable.

## NINTH CLAIM FOR RELIEF
## ASSAULT UNDER NEW YORK STATE LAW

102.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

103.    By the actions described herein, Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

104.    Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

105.    As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

106.    Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## TENTH CLAIM FOR RELIEF
## BATTERY UNDER NEW YORK STATE LAW

107.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth

herein.

108.    Defendant NYPD officers acted in a violent, excessive, unnecessary, and unwarranted manner in the performance of their duties as agents or employees of the Defendant City and created an environment that placed Plaintiff into unsafe conditions.

109.    By the actions described herein, Defendants intentionally caused and allowed Plaintiff to be struck in a harmful and offensive manner, in violation of the Constitution and Laws of the State of New York.

110.    Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

111.    As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

112.    Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## ELEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

113.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

114.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

115.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs,

policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of said department.

116.    The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

117.    The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

118.    The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

119.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

120.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

121.    Defendant CITY, as municipal policymaker in the training and supervision of the NYPD, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violation of the right to freedom from unlawful entry, negligence, and from the use of excessive and unreasonable force in violation of, *inter alia*, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and the constitution and laws of the State of New York.

122.    All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

        a.     Not to be deprived of liberty without due process of law;

        b.     To be free from invasion of privacy;

        c.     To be free from stop, search, seizure, arrest, imprisonment, and prosecution not based upon reasonable suspicion and probable cause;

        d.     To be free from false arrest;

        e.     To receive equal protection under the law.

        f.     To be free from excessive force;

        g.     To be free from infliction of emotional distress; and

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief,

jointly and severally, against Defendants:

1.  Special and compensatory damages in the amount of ONE MILLION

    ($1,000,000) DOLLARS.

2.  Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

3.  Reasonable attorney's fees and costs; and

4.  Such other and further relief as this Court deems just and proper.

DATED:     New York, New York
           June 13, 2014

                              Respectfully submitted,


                              Kim E. Richman
                              REESE RICHMAN LLP
                              875 Avenue of the Americas, 18th Floor
                              New York, NY 10001
                              212-643-0500 (telephone)
                              212-253-4272 (facsimile)

                              *Attorney for Plaintiff*